UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

25-CR-20465-MORENO/D'ANGELO
CASE NO. _____

18 U.S.C. § 1343
18 U.S.C. § 1957(a)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

v.

RODOLFO MARIO BLANCO,

    Defendant.
_____/

FILED BY ___BM___ D.C.

Oct 16, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

*The Defendant*

1. The defendant, **RODOLFO MARIO BLANCO**, was a resident of Miami-Dade County, Florida, and an attorney licensed to practice law in the State of Florida.

2. **RODOLFO MARIO BLANCO** had an email account, Blanco Email Account 1, with a webmail provider headquartered in California with servers located outside of Florida.

3. **RODOLFO MARIO BLANCO** was the registered manager and agent of the Florida-registered company RMB Consultants & Associates, LLC.

4. **RODOLFO MARIO BLANCO** maintained an account with Bank 1 in South Florida, registered as an attorney Interest on Trust Account ("IOTA"), in the name of RMB Consultants & Associates, LLC ("Blanco IOTA Account"). An IOTA account is a trust account

that attorneys utilize to hold client funds separate from an attorney's operating or personal bank accounts.

### *Relevant Entities and Individuals*

5. Financial Consulting Firm 1 was a company based in Illinois with offices and principals in Georgia and Illinois.

6. Investment Fund 1 was a fund formed by Financial Consulting Firm 1 in order to receive money from investors and purchase a portfolio of financial instruments.

7. Victim 1 was an investor in Investment Fund 1.

8. Victim 2 was an investor in Investment Fund 1.

9. Victim 3 was an investor in Investment Fund 1.

10. Victim 4 was an investor in Investment Fund 1.

11. Victim 5 was an investor in Investment Fund 1.

### COUNTS 1-11
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around September 2023, through in or around August 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RODOLFO MARIO BLANCO,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and

artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **RODOLFO MARIO BLANCO** to unlawfully enrich himself by falsely and fraudulently representing that he would maintain investor funds in his IOTA account, receiving investor funds intended for investment in Investment Fund 1 through his IOTA account, and then diverting those investor funds for his own personal use and benefit and the use and benefit of others.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purposes of the scheme and artifice included, among other things, the following:

4. In or around August 2023, **RODOLFO MARIO BLANCO** falsely and fraudulently represented to principals of Financial Consulting Firm 1 that he would securely maintain investor funds for Investment Fund 1 in the Blanco IOTA Account.

5. Beginning in or around September 2023, and continuing through in or around December 2023, **RODOLFO MARIO BLANCO** received over $3 million in funds from Investment Fund 1's individual and corporate investors via wire transfers into the Blanco IOTA Account.

6. Beginning in or around September 2023, and continuing through in or around July 2024, **RODOLFO MARIO BLANCO** diverted the investor funds from the Blanco IOTA Account for his own personal benefit through a series of teller transfers, wire transfers, and cash and teller withdrawals.

7.      Beginning in or around January 2024, and continuing through in or around April 2024, **RODOLFO MARIO BLANCO** made false and fraudulent representations to the principals of Financial Consulting Firm 1 regarding the status of investor funds in the Blanco IOTA Account, including, among other things, that: (a) the funds in the account were being held for review by governmental agencies; (b) the funds were being held by Bank 1 for a bank compliance review; (c) he was unable to move or transfer the funds; and (d) the funds were actually still present in the account (when, in fact, the funds had been diverted out of the account).

8.      **RODOLFO MARIO BLANCO** used the proceeds of his fraudulent scheme for his personal use and benefit, including, among other things, using at least $605,000 in diverted investor funds for the purchase of a personal residence in Miami-Dade County.

## USE OF THE WIRES

9.      On or about the following dates, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **RODOLFO MARIO BLANCO**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | September 14, 2023 | Wire transfer in the approximate amount of $136,400 from Victim 1's account to the Blanco IOTA Account, causing a wire transmission from outside of Florida to the Southern District of Florida. |
| 2 | September 14, 2023 | Wire transfer in the approximate amount of $56,810 from Victim 2's account to the Blanco IOTA Account, causing a wire transmission from outside of Florida to the Southern District of Florida. |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 3 | September 14, 2023 | Wire transfer in the approximate amount of $56,810 from Victim 3's account to the Blanco IOTA Account, causing a wire transmission from outside of Florida to the Southern District of Florida. |
| 4 | September 20, 2023 | Wire transfer in the approximate amount of $300,000 from Victim 4's account to the Blanco IOTA Account, causing a wire transmission from outside of Florida to the Southern District of Florida. |
| 5 | October 6, 2023 | Wire transfer in the approximate amount of $200,000 from Victim 4's account to the Blanco IOTA Account, causing a wire transmission from outside of Florida to the Southern District of Florida. |
| 6 | December 5, 2023 | Wire transfer in the approximate amount of $200,000 from Victim 5's account to the Blanco IOTA Account, causing a wire transmission from outside of Florida to the Southern District of Florida. |
| 7 | February 9, 2024 | Email from Blanco Email Account 1 in the Southern District of Florida to principals of Financial Consulting Firm 1 outside the state of Florida, falsely and fraudulently representing that the Blanco IOTA Account was "under review" by Bank 1 and that funds in the account could not yet be moved. |
| 8 | February 16, 2024 | Email from Blanco Email Account 1 in the Southern District of Florida to principals of Financial Consulting Firm 1 outside the state of Florida, falsely and fraudulently representing that the Blanco IOTA Account had been subject to "OFAC" review and still needed to clear a "Treasury" review. |
| 9 | February 21, 2024 | Email from Blanco Email Account 1 in the Southern District of Florida to principals of Financial Consulting Firm 1 outside the state of Florida, falsely and fraudulently representing that Bank 1 had not yet enabled the transfer of funds from the Blanco IOTA Account. |
| 10 | April 5, 2024 | Email from Blanco Email Account 1 in the Southern District of Florida to principals of Financial Consulting Firm 1 outside the state of Florida, falsely and fraudulently representing that Bank 1 had placed the Blanco IOTA Account under a "compliance review." |
| 11 | April 6, 2024 | Email from Blanco Email Account 1 in the Southern District of Florida to principals of Financial Consulting Firm 1 outside the state of Florida, falsely and fraudulently representing that the Blanco IOTA |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| | | Account had an account balance of greater than $3 million in funds. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 12-22
### Engaging in Monetary Transactions in Criminally Derived Property
### (18 U.S.C. § 1957(a))

1. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RODOLFO MARIO BLANCO,**

did knowingly engage and attempt to engage in a monetary transaction, in or affecting interstate or foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as set forth below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 12 | November 13, 2023 | Teller transfer in the approximate amount of $300,000 from the Blanco IOTA Account in connection with the purchase of a residence in Miami Lakes for **RODOLFO MARIO BLANCO.** |
| 13 | November 13, 2023 | Teller transfer in the approximate amount of $305,000 from the Blanco IOTA Account in connection with the purchase of a residence in Miami Lakes for **RODOLFO MARIO BLANCO.** |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 14 | January 5, 2024 | Wire transfer in the approximate amount of $55,000 from the Blanco IOTA Account at Bank 1 to an associate of **RODOLFO MARIO BLANCO**. |
| 15 | February 22, 2024 | Wire transfer in the approximate amount of $60,000 from the Blanco IOTA Account at Bank 1 to an associate of **RODOLFO MARIO BLANCO**. |
| 16 | April 8, 2024 | Withdrawal in the approximate amount of $40,000 from the Blanco IOTA Account at Bank 1. |
| 17 | April 17, 2024 | Withdrawal in the approximate amount of $50,000 from the Blanco IOTA Account at Bank 1. |
| 18 | April 24, 2024 | Wire transfer in the approximate amount of $110,000 from the Blanco IOTA Account at Bank 1 to an associate of **RODOLFO MARIO BLANCO**. |
| 19 | May 2, 2024 | Wire transfer in the approximate amount of $80,000 from the Blanco IOTA Account at Bank 1 to an associate of **RODOLFO MARIO BLANCO**. |
| 20 | June 12, 2024 | Wire transfer in the approximate amount of $60,000 from the Blanco IOTA Account at Bank 1 to an associate of **RODOLFO MARIO BLANCO**. |
| 21 | June 25, 2024 | Withdrawal in the approximate amount of $40,000 from the Blanco IOTA Account at Bank 1. |
| 22 | July 9, 2024 | Withdrawal in the approximate amount of $50,000 from the Blanco IOTA Account at Bank 1. |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **RODOLFO MARIO BLANCO**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

7

personal, which constitutes or is derived from proceeds traceable to such offense. pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Sections 982(a)(1).

4. The property directly subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

    a. Real property located at 14406 N.W. 88th Avenue, Miami Lakes, Florida 33018, including all buildings, fixtures, appurtenances, improvements, attachments, and easements found therein or thereon.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and (2)(A), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
STERLING M. PAULSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

RODOLFO MARIO BLANCO,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V  [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
Sterling M. Paulson
Assistant United States Attorney
SDFL Court ID No. A5503032

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RODOLFO MARIO BLANCO

**Case No:**

Counts #: 1-11

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 Years' Imprisonment**
* **Mandatory Min. Term of Imprisonment: N/A**
* **Max. Term of Supervised Release: 3 Years' Supervised Release**
* **Mandatory Min. Term of Supervised Release: N/A**
* **Max. Fine: $250,000 or Twice the Gross Gain or Loss**

Counts #: 12-22

Engaging in Monetary Transactions in Criminally Derived Property

Title 18, United States Code, Section 1957(a)
* **Max. Term of Imprisonment: 10 Years' Imprisonment**
* **Mandatory Min. Term of Imprisonment: N/A**
* **Max. Term of Supervised Release: 3 Years' Supervised Release**
* **Mandatory Min. Term of Supervised Release: N/A**
* **Max. Fine: $250,000 or Twice the Value of Property Involved in the Transaction**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**